# No. 12-41243

_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

**NCDR, L.L.C., ET AL.,**
*Plaintiff-Appellee,*

**v.**

**MAUZÉ & BAGBY, P.L.L.C., ET AL.,**
*Defendant-Appellant.*

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, LAREDO DIVISION,
DISTRICT COURT NO. 5:12-CV-00036

_____

## APPELLANTS' REPLY BRIEF

_____

**Kimberly S. Keller**
**KELLER STOLARCZYK PLLC**
**234 W. Bandera Rd., No. 120**
**Boerne, Texas 78006**
**Tele: 830.981.5000**
**Facs: 888.293.8580**

# **TABLE OF CONTENTS**

*Page*

TABLE OF CITATIONS ........................................................... 4

REPLY ARGUMENT ............................................................ 10

I.    JURISDICTION: THIS COURT HAS IT ..................................... 10

    A.    *This Court's analysis of the Collateral Order Doctrine in* <u>Henry v. Lake Charles American Press</u>, *566 F.3d 164 (5th Cir. 2009) controls*........... 10

    B.    *Kool Smiles's interpretation of the TCPA's appellate provisions has been rejected by Texas courts*........................................................... 12

    C.    *Kool Smiles's reading of the TCPA undermines well-established statutory construction principles*............................................. 14

II.    THE DISTRICT COURT CORRECTLY CONCLUDED THAT THE TCPA APPLIES IN FEDERAL COURT................................. 18

    A.    *Kool Smiles never raised this argument to the District Court*........................................................... 19

    B.    *This Court and other Circuit Courts of Appeals have consistently rejected "direct collision" arguments similar to those raised by Kool Smiles*................................................................. 22

III.    THE TCPA DOES NOT EXEMPT M&B'S SPEECH ..................... 24

    A.    *Kool Smiles's argument ignores Texas statutory construction principles* ............................ 25

    B.    *The California case is instructive* ............................ 28

IV.  KOOL SMILES FAILED TO PRESENT "CLEAR AND SPECIFIC EVIDENCE" OF ITS CLAIMS ................................................. 28

    A.  *Kool Smiles distorts its burden of proof* ................... 28

    B.  *M&B is entitled to a rendition of judgment* ............... 31

    C.  *Kool Smiles's evidence falls short of "clear and specific" evidence of defamation* ...................... 32

        1.  M&B's speech merely posed questions ........... 32

        2.  M&B's speech is not defamatory *per se* .......... 34

        3.  Kool Smiles failed to prove falsity by clear and specific evidence ............................ 35

        4.  Kool Smiles failed to prove malice by clear and specific evidence ............................ 36

        5.  Kool Smiles did not prove special damages by clear and specific evidence .......... 39

    D.  *Kool Smiles's evidence falls short of "clear and specific" evidence of business disparagement* ....................................................... 39

    E.  *Kool Smiles misconstrues the broad nature of the Absolute Judicial Proceeding Privilege* ............... 40

CONCLUSION ......................................................................... 42

CERTIFICATE OF SERVICE .................................................. 43

CERTIFICATE OF COMPLIANCE ........................................... 44

# TABLE OF CITATIONS

Page

**CASES FROM THE SUPREME COURT OF THE UNITED STATES**

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ........................................................ 20

*Cohen v. Beneficial Indus. Loan Corp.*,
    337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) ........ 11

*Forbes Inc. v. Granada Biosciences, Inc.*,
    124 S.W.3d 167 (Tex. 2003) ........................................... 40

*In re E.I. DuPont de Nemours & Co.*,
    136 S.W.3d 218 (Tex. 2004) ........................................... 29

*James v. Brown,*
    637 S.W.2d 914 (Tex. 1982) ........................................... 40

*Mohawk Indus., Inc. v. Carpenter,*
    558 U.S. 100 (2009) ........................................................ 11

*Randall's Food Market, Inc. v. Johnson,*
    891 S.W.2d 640 (Tex. 1995) ........................................... 32

*Sprint/United Mgmt. Co. v. Mendelsohn,*
    552 U.S. 379 (2008) ........................................................ 32

*Swint v. Chambers Cnty. Comm'n,*
    514 U.S. 35 (1995) ........................................................ 11

*TGS–NOPEC Geophysical Co. v. Combs,*
    340 S.W.3d 432 (Tex.2011) ...................................... 25,26

*WFAA- TV, Inc. v. McLemore,*
    978 S.W.2d 568 (Tex. 1998) ................................. 34,37,38

## CASES FROM THE CIRCUIT COURTS OF APPEALS

*Beckham v. Bauer Pub. Co., LP,*
    2013 WL 492444 (9th Cir. Feb. 11, 2013) ....................... 14

*Brown v. Wimberly,*
    477 Fed.Appx. 214 (5th Cir. 2012) ............................ 19,22

*City of New Orleans Employees' Retirement Sys. V. Hayward,*
    No. 12-20019, 2013 WL 174251 (5th Cir. Jan.
    16, 2013) ...................................................................... 21

*Corey v. Shook,*
    1991 U.S. App. LEXIS 2764 (4th Cir. Feb. 22, 1991) ...... 41

*DC Comics v. Pacifica Pictures Corp.,*
    2013 WL 119716 (9th Cir. Jan. 10, 2013) ............ 11,18,23

*Godin v. Schencks,*
    629 F.3d 79 (1st Cir. 2010) .........................12,18,22,23,24

*Henry v. Lake Charles American Press,*
    566 F.3d 164 (5th Cir. 2009).............10,11,12,18,19,22,23

*Hilton v. Hallmark Cards,*
    580 F.3d 874 (9th Cir. 2009)............................... 12,18,23

*Sawyer v. E.I. Dupont de Nemours & Co.,*
    689 F.3d 463 (5th Cir. 2012)........................................... 25

*Tex. Keystone, Inc. v. Prime Natural Res., Inc.,*
    694 F.3d 548 (5th Cir. 2012)........................................... 32

*United States v. Impson,*
    482 F.2d 197 (5th Cir. 1973)........................................... 32

*United States ex rel Newsham v. Lockheed Missiles*
*& Space Co.,*
        190 F.3d 963 (9th Cir. 1999)..................................... 22,24

## CASES FROM FEDERAL DISTRICT COURT

*3M Co. v. Boulter,*
        No. 11-cv-1527, 2012 WL 5245458 (D.D.C. Oct. 24,
        2012) ........................................................................... 36

*AR Pillow, Inc. v. Maxwell Payton, LLC,*
        2012 U.S. Dist. LEXIS 172015 (W.D. Wash. Dec. 4,
        2012) ........................................................................... 31

*Armington v. Fink,*
        No. 09–6785, 2010 WL 743524 (E.D.La.
        Feb. 24, 2010)............................................................... 22

*Rhodes College, Inc. v. Johnson,*
        No. 3:10-CV-0031-D, 2012 WL 627273 (N.D.
        Tex. Feb. 27, 2012) ...................................................... 41

## CASES FROM TEXAS COURTS

*Arant v. Jaffe,*
        436 S.W.2d 169 (Tex. Civ. App.–Dallas 1968,
        no writ) ........................................................................ 34

*Avila v. Larrea,*
        _ S.W.3d _, 2012 WL 6633944 (Tex. App. —
        Dallas 2012, no pet.)..................................................... 33

*Bell v. Lee,*
        49 S.W.3d 8 (Tex. App.—San Antonio 2001,
        no pet.) ........................................................................ 40

*Billington v. Houston Fire & Cas. Ins. Co.,*
 226 S.W.3d 494 (Tex. Civ. App.—Fort Worth
 1950, no writ) ............................................................. 34

*Blackwell v. Wise,*
 No. 11-99-00224-CV, 2000 WL 34235121 (Tex.
 App.—Eastland July 20, 2000, no pet.) ......................... 33

*Direct Commercial Funding, Inc. v. Beacon Hill Estates,*
 *LLC,*
 2013 WL 407029 (Tex. App. — Houston [14th Dist.]
 2013, no pet.) ............................................................. 13

*Gaylord Broad. Co. v. Francis,*
 7 S.W.3d 279 (Tex. App.—Dallas 1999, pet. denied) ....... 34

*Hooten v. Dunbar,*
 347 S.W.2d 775 (Tex. Civ. App.—Beaumont 1961,
 writ ref'd n.r.e.) ........................................................... 30

*Jain v. Cambridge Petroleum Group,*
 2013 WL 458346 (Tex. App. —- Dallas Feb. 7, 2013,
 no pet.) ....................................................................... 13

*Jennings v. Wallbuilder Presentations, Inc.,*
 378 S.W.3d 519 (Tex. App. — Fort Worth 2012,
 pet. filed) .................................................................... 13

*Kelly v. Diocese of Corpus Christi,*
 832 S.W.2d 88 (Tex. App.—Corpus Christi
 1992, writ dism'd w.o.j.) ............................................... 39

*Klentzman v. Brady,*
 312 S.W.3d 886, (Tex. App.—Houston [1st Dist.]
 2009, no pet.) .............................................................. 37

*McDonald v. Clemens*,
    464 S.W.2d 450 (Tex. Civ. App.—Tyler 1971, no
    pet.) ............................................................................. 30

*Rodriguez v. NBC Bank*,
    5 S.W.3d 756 (Tex. App.—San Antonio 1999,
    no pet.) ......................................................................... 32

*Swate v. Schiffers*,
    975 S.W.2d 70 (Tex. App.—San Antonio 1998,
    pet. denied) .............................................................. 35,36

*Tex. Appleseed v. Spring Branch Indep. Sch. Dist.*,
    388 S.W.3d 775 (Tex. App. — Houston [1st Dist.]
    2012, no pet.) .............................................................. 26

*Vice v. Kasprzak*,
    318 S.W.3d 1 (Tex. App.—Houston [1st Dist.]
    2009, pet. denied) ....................................................... 38

## CASES FROM OTHER STATES

*Simpson Strong-Tie Co. v. Gore*,
    49 Cal.4th 12, 230 P.3d 1117 (Cal. 2010) ...................... 28

## RULES & STATUTORY AUTHORITY & LEGISLATIVE HISTORY

28 U.S.C. § 1291 .................................................................. 10

FED. R. CIV. P. 12 .................................................................. 19

FED. R. APP. P. 4 ............................................................. 19,23

TEX. CIV. PRAC. & REM. CODE ANN. § 22.024 ............................ 29

TEX. CIV. PRAC. & REM. CODE ANN. § 27.002 ........................ 16,26

TEX. CIV. PRAC. & REM. CODE ANN. § 27.003 ............................. 17

TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.004............................ 17

TEX. CIV. PRAC. & REM. CODE ANN. § 27.005 ................... 17,28,31

TEX. CIV. PRAC. & REM. CODE ANN. § 27.006 ............................ 35

TEX. CIV. PRAC. & REM. CODE ANN. § 27.008 ........................ 15,17

TEX. CIV. PRAC. & REM. CODE ANN. § 27.010 ............................ 24

TEX. CIV. PRAC. & REM. CODE ANN. § 27.011 ........................ 16,26

TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 ............................ 14

TEX. CIV. PRAC. & REM. CODE § 73.005 .................................... 32

TEX. CONST. art. V, § 6(a) ........................................................ 14

TEX. GOV'T CODE ANN. § 22.221 .............................................. 14

TEX. GOV'T CODE ANN. § 311.011 ............................................ 26

House Comm. on   Judiciary and Civil Jurisprudence,
    Bill   Analysis,   Tex.   HB 2973, 82nd Leg., R.S.
    (2011) ................................................................... 17,27

Restatement (Second) of Torts § 586 comment e .................... 41

## SECONDARY AUTHORITIES

BLACK'S LAW DICTIONARY 244 (7th ed. 1999) ............................ 29

## **REPLY ARGUMENT**

### **I.**
### **JURISDICTION: THIS COURT HAS IT**

Kool Smiles asks this Court to dismiss the appeal for lack of jurisdiction. However, as argued in M&B's opening brief, this Court has rejected the argument raised by Kool Smiles when considering Louisiana's similarly-worded Anti-SLAPP statute. *Henry v. Lake Charles American Press,* 566 F.3d 164, 181 (5th Cir. 2009). The statutory language of the TCPA reveal there is no reason for this Court to hold differently when considering the TCPA.

**A.**   ***This Court's analysis of the Collateral Order Doctrine in <u>Henry v. Lake Charles American Press</u>, 566 F.3d 164 (5th Cir. 2009) controls.***

Federal appellate jurisdiction is generally limited to review of "final decisions of the district courts of the United States." 28 U.S.C. § 1291. Under the Collateral Order Doctrine, however, the term "final decisions" encompasses not only "judgments that 'terminate an action,' but also [judgments in] a 'small class' of collateral rulings that, although they do not end the litigation, are appropriately

10

deemed 'final.'" *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009) (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–46, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)). The Doctrine applies to decisions "that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." *Id.* (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995)).

In *Henry,* this Court considered Louisiana's similarly worded Anti-SLAPP statute. *Henry,* 566 F.3d at 180. This Court rejected the argument that rulings on Anti-SLAPP motions fell outside the Collateral Order Doctrine. *Id.* at 181. "[W]e hold that a district court's denial of a motion brought under an Anti-SLAPP statute such as Article 971 is an immediately-appealable collateral order." *Id.* Multiple Circuit Courts of Appeals have held the same when considering varying state Anti-SLAPP statutes. *See DC Comics v. Pacifica Pictures Corp.,* 2013 WL 119716 (9th Cir. Jan. 10, 2013); *see*

*also Godin v. Schencks,* 629 F.3d 79, 84 (1st Cir. 2010); *Hilton v. Hallmark Cards,* 580 F.3d 874, 880 (9th Cir. 2009).

This ruling in this case meets all of the established elements for an immediately appealable collateral order. First, as this Court noted in *Henry,* the denial of an Anti-SLAPP motion to dismiss, like the TCPA motion denied in this case, is a conclusive ruling. *Henry,* 566 F.3d at 181. Second, the denied TCPA motion resolved an important question separate from the merits of the underlying case. *Henry,* 566 F.3d at 181. Third, the District Court's denial of M&B's TCPA motion in this case is effectively unreviewable on appeal from the final judgment because the purpose of the TCPA is the timely disposition and appeal of TCPA rulings. *Henry,* 566 F.3d at 181. As such, M&B asks this Court to hold, consistently with *Henry,* that it has jurisdiction over the ruling below.

**B.**    ***Kool Smiles's interpretation of the TCPA's appellate provisions has been rejected by Texas courts.***

Kool Smiles argues this Court should not apply the Collateral Order Doctrine because the TCPA limits the scope of immediate appeals to situations where the trial court has

failed to rule within the prescribed time, resulting in an overruling of the motion by operation of law. *KS Brief* at 25-26 (citing *Jennings v. Wallbuilder Presentations, Inc.,* 378 S.W.3d 519, 528-29 (Tex. App. — Fort Worth 2012, pet. filed). However, it is important to note that Kool Smiles's argument has been rejected by at least one Texas appellate court. *Direct Commercial Funding, Inc. v. Beacon Hill Estates, LLC,* 2013 WL 407029 (Tex. App. — Houston [14th Dist.] 2013, no pet.) (disagreeing with *Jennings* and denying motion to dismiss for lack of appellate jurisdiction and rejecting similar argument because it is based on a statutory construction of the TCPA that would render portions of the TCPA superfluous); *see also Jain v. Cambridge Petroleum Group,* 2013 WL 458346, n.4 (Tex. App. —- Dallas Feb. 7, 2013, no pet.) (noting *Jennings* but refusing to address the issue). Thus, M&B respectfully submits that the case before this Court, like *Henry,* calls for application of the Collateral Order Doctrine.[1]

---

[1] Kool Smiles exaggerates the significance of the provision governing appeals of TCPA rulings brought in state court. This language, although relevant as a factor in the analysis of whether federal interlocutory jurisdiction lies, is not dispositive of whether the federal Collateral Order

### C. *Kool Smiles's reading of the TCPA undermines well-established statutory construction principles.*

Alternatively, Kool Smiles's jurisdictional challenge should be rejected for other reasons. First, Kool Smiles's argument ignores the TCPA's plain language referencing multiple methods of seeking immediate review of TCPA rulings. In general, Texas law presents litigants in state court two ways to seek immediate review of interlocutory orders. One method provides for direct appellate review in specified circumstances, *e.g.,* section 51.014 of the Texas Civil Practices and Remedies Code (vesting appellate courts with appellate jurisdiction over certain interlocutory orders), and the other method provides for the consideration of extraordinary writs (vesting appellate courts with original jurisdiction over petitions for writ of mandamus, prohibition, and injunction). TEX. CIV. PRAC. & REM. CODE ANN. § 51.014; TEX. GOV'T CODE ANN. § 22.221(a)-(b); TEX. CONST. art. V, § 6(a).

---

Doctrine applies to federal appeals involving state Anti-SLAPP statutes. *Beckham v. Bauer Pub. Co., LP,* 2013 WL 492444, *1 (9th Cir. Feb. 11, 2013) (declining collateral order jurisdiction over Anti-SLAPP ruling despite California statute's clear language providing for broad rights to immediate appeal, because federal law provides that rulings involving immunity, which this Anti-SLAPP statute implicates, are not collateral orders immediately appealable).

Notably, the provision within the TCPA discussing appellate review reveals the Texas Legislature's contemplation of appellate courts exercising both appellate and original jurisdiction over TCPA-based interlocutory rulings. Tex. Civ. Prac. & Rem. Code Ann. § 27.008(b) (requiring appellate court to expedite "an appeal or ***other writ***") (emphasis added). This language confirms that the Texas Legislature intends for Texas appellate courts to review TCPA rulings immediately: either through the statutorily-authorized direct appeal and, when the ruling falls outside the statute, through the extraordinary relief afforded by way of petition for writ of mandamus. *Id.* Thus, Kool Smiles, by arguing that only certain TCPA rulings are immediately reviewable, ignores the plain language of the TCPA referencing extraordinary writs, which are available to litigants facing TCPA rulings not falling within section 27.008's statutorily prescribed interlocutory appeal.

Second, Kool Smiles's argument ignores the express purposes of the TCPA: expedited disposition and appeal of TCPA motions to dismiss. The Texas Legislature mandated

15

that courts considering the TCPA are to construe its provisions "liberally to effectuate its purpose and intent fully." TEX. CIV. PRAC. & REM. CODE ANN. § 27.011(b). The Texas Legislature expressly defined the TCPA's purpose to be "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *Id.* § 27.002.

The structure of the TCPA indicates a legislative intent for an expedited resolution of a defendant's assertion that a frivolous lawsuit has been filed against him in retaliation for the exercise of his constitutional right of free speech, right to petition, or right of association:

> C.S.H.B. 2973 seeks to encourage greater public participation of Texas citizens through safeguarding the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government *by providing for an expedited motion to dismiss frivolous lawsuits* aimed at retaliating against someone who exercises the person's right

16

> of association, free speech, or right of
> petition.

House Comm. On Judiciary & Civil Jurisprudence, Bill Analysis, Tex. H.B. 2973, 82nd Leg, R.S. (2011) (emphasis added).

Accordingly, the TCPA establishes an expedited schedule for the consideration and final resolution of TCPA-based dismissal motions. The TCPA requires the motion to dismiss be filed within sixty days of the defendant being served with the "legal action," TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(b); the hearing must occur within thirty days of the filing of the motion to dismiss unless docket conditions require a later setting, *id.* § 27.004; the trial court must rule on the motion to dismiss within thirty days of the hearing or the motion is denied by operation of law, *id.* §§ 27.005(a), .008(a); and the court of appeals must expedite any and all appeals of TCPA rulings, whether brought by way of interlocutory appeal or extraordinary writ. *Id.* § 27.008(b).

In sum, Kool Smiles asks this Court to consider only *one* portion of *one* provision within the TCPA (referencing the

17

immediate appeal of motions overruled by operation of law). Yet, the entirety of the TCPA evinces the Texas Legislature's express intent to effectuate expedited resolution and appeal of TCPA motions. Kool Smiles's argument flies in the face of traditional statutory construction principles and also conflicts with this Court's longstanding jurisprudence governing the scope of the Collateral Order Doctrine. *Henry,* 566 F.3d at 181; *see also DC Comics,* 2013 WL 119716, \*2; *Godin,* 629 F.3d at 84; *Hilton,* 580 F.3d at 880.

## II.
### THE DISTRICT COURT CORRECTLY CONCLUDED THAT THE TCPA APPLIES IN FEDERAL COURT

As stated in M&B's opening brief, the District Court ruled that the TCPA applied to state law claims brought in federal court, but then denied M&B's dismissal motion by concluding M&B's speech was exempted by the TCPA. (R.1578). On appeal, Kool Smiles argues the District Court's denial of the dismissal motion should be affirmed because the TCPA should not apply in federal court. Specifically, Kool Smiles argues the TCPA's provisions "directly conflict" with Federal Rule of Civil

Procedure 12(d) and Federal Rule of Appellate Procedure 4. *See* FED. R. CIV. P. 12(d); FED. R. APP. P. 4.

Kool Smiles argument should be rejected because: (1) Kool Smiles did not make this complaint to the District Court; and (2) this Court has repeatedly held that state Anti-SLAPP statutes apply in federal court. *See, e.g., Brown v. Wimberly,* 477 Fed.Appx. 214, 216 (5th 2012) ("This court has adopted the use of the [Anti-SLAPP] statute in federal court under *Erie.*"); *Henry,* 566 F.3d at 180-81

## A. *Kool Smiles never raised this argument to the District Court.*

On appeal, Kool Smiles offers nine pages of briefing regarding whether the TCPA applies in federal court. *Kool Smiles Br.* at 30-38. Within this briefing, Kool Smiles argues the TCPA conflicts with two federal rules: Federal Rule of Civil Procedure 12(d) and Federal Rule of Appellate Procedure 4. *Kool Smiles Br.* at 30-38. To the District Court, Kool Smiles presented substantial briefing on a myriad of reasons it claimed required denial of M&B's dismissal motion. (R.1410-

65). The complaints made on appeal regarding Rule 12(d) and Rule 4 are not presented within Kool Smiles's filings. *Id.*

At the District Court, Kool Smiles argument regarding whether the TCPA applies in federal court comprised less than four pages of briefing. (R.1438-42). None of this briefing contended the TCPA conflicted with Rule 12(d) or Rule 4. *Id.* Indeed, there are no citations to either of these Rules. *Id.* Instead, the content of Kool Smiles's District Court argument centered on whether the TCPA "conflicted" with the federal rules of civil procedure governing the specificity of pleading required in federal complaints. (R.1440-41) (citing FED. R. CIV. P. 8, 9). Kool Smiles also argued the TCPA conflicts with Rule 12(b). (R.1441-42) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)).

On appeal, Kool Smiles has abandoned those complaints. Kool Smiles instead raises two complaints never raised to the District Court. First, Kool Smiles contends the TCPA should not apply in federal court because it conflicts with Rule 12(d). *Kool Smiles Br.* at 30-33. Here, Kool Smiles argues the TCPA

"strips district courts of their mandated discretion to determine whether to exclude matters outside the pleadings and also prevents district courts from complying with their obligation to convert evidence-supported motions to dismiss to motions for summary judgment." *Kool Smiles Br.* at 30-31. Kool Smiles also argues to this Court that the TCPA should not apply in federal court because it "conflicts" with Rule 4. *Kool Smiles* Br. at 34-38. Kool Smiles contends the TCPA's 60-day appellate deadline conflicts with Rule 4's 30-day appellate deadline. *Id.*

A comparison of Kool Smiles's briefing to the District Court and briefing to this Court reveals the complaints raised to this Court were never raised to the District Court. Accordingly, this Court should hold these complaints are waived. *City of New Orleans Employees' Retirement Sys. V. Hayward,* No. 12-20019, 2013 WL 174251, n.3 (5th Cir. Jan. 16, 2013) ("Whatever the merit of this contention, it is waived because NOERS did not raise it in the district court.").

**B.** ***This Court and other Circuit Courts of Appeals have consistently rejected "direct collision" arguments similar to those raised by Kool Smiles.***

If this Court reaches the merits of Kool Smiles's complaints, it should, nevertheless, reject them. As stated in M&B's opening brief, this Court has, on repeated occasions, applied state Anti-SLAPP statutes in federal court. This Court did so the first time in 2009. *Henry,* 566 F.3d at 180-81 (applying Louisiana's Anti-SLAPP statute in federal court). This Court did so again just last year. *Brown,* 477 Fed.Appx. at 216.

This Court does not stand alone in applying state Anti-SLAPP statutes in federal court. *See, e.g., Godin v. Schencks,* 629 F.3d 79 (1st Cir. 2010); *United States ex rel Newsham v. Lockheed Missiles & Space Co.,* 190 F.3d 963 (9th Cir. 1999); *Armington v. Fink,* No. 09–6785, 2010 WL 743524, *3 (E.D.La. Feb. 24, 2010). For example, in *Godin,* the First Circuit Court of Appeals held that Maine's Anti–SLAPP statute applied in federal diversity cases because Federal Rules 12 and 56 were "not so broad as to cover the issues within the scope of"

Maine's statute. *Godin*, 629 F.3d at 88. The First Circuit found it significant that, although the federal rules and the Maine statute may overlap, they address "different (but related) subject-matters" and thus there was no conflict. *Id.*

According to the *Godin* court, the Maine statute did not seek to displace the Federal Rules or have the rules cease to function partly because the Maine statute "is only addressed to special procedures for state claims based on a defendant's petitioning activity." *Id.* Moreover, the First Circuit found that the scope of Rules 12 and 56 was not so broad because the Rules "do not purport to apply only to suits challenging the defendants' exercise of their constitutional petitioning rights." *Id.*

Here, Kool Smiles argues the TCPA "directly conflicts" with Rule 12(d) and Rule 4.[2] Like the arguments raised in

---

[2]Kool Smiles reliance on Federal Rule of Appellate Procedure 4 is, at best, dubious. Rule 4, which sets a 30-day deadline for the notice of appeal for a direct appeal of a final judgment. FED. R. APP. P. 4. Case law reveals, however, that Rule 4 generally never applies in appeals of Anti-SLAPP rulings because, like the appeal currently before this Court, these interlocutory Anti-SLAPP rulings are appealed immediately under the Collateral Order Doctrine. *See DC Comics*, No. 11-56934, 2013 WL 119716, *4-5; *Godin*, 629 F.3d at 84; *Hilton*, 580 F.3d at 880; *Henry,* 566

*Godin,* this Court should reject Kool Smiles's arguments based on Rule 12(d) and Rule 4. The TCPA's provisions "can exist side by side" with Federal Rule of Civil Procedure 12(d) and Federal Rule of Appellate Procedure 4. *See Godin,* 629 F.3d at 91 ("[T]here is no indication that Rules . . . 12 and 56 were intended to 'occupy the field' with respect to pretrial procedures aimed at weeding out meritless claims" and explaining "Rules 12 and 56 'can exist side by side' with Section 556, each controlling its own intended sphere of coverage without conflict"); *U.S. ex rel Newsham,* 190 F.3d at 972. Further, as noted by multiple Circuit Courts of Appeals, the *Erie* interests in discouraging forum shopping and avoiding inequitable administration of the law favors the application of the TCPA's provisions. *Godin,* 629 F.3d at 91-92; *U.S. ex rel Newsham,* 190 F.3d at 973.

### III.
### The TCPA Does Not Exempt M&B's Speech

Kool Smiles argues a provision within the TCPA exempts M&B's speech. TEX. CIV. PRAC. & REM. CODE ANN. § 27.010(b).

---

F.3d at 180. This Doctrine imposes no specific deadline on litigants, much less a deadline conflicting with the TCPA.

Texas courts have yet to address this provision. M&B disagrees with Kool Smiles's interpretation and points this Court to California precedent. To the extent this Court determines this "is a question best answered by the Texas Supreme Court," M&B asks this Court to certify the question to the Texas Supreme Court. *See Sawyer v. E.I. Dupont de Nemours & Co.,* 689 F.3d 463, 470 (5th Cir. 2012).

## A.  *Kool Smiles's argument ignores Texas statutory construction principles.*

Texas's statutory construction principles are well-established. When construing a statute, the primary objective is to ascertain and give effect to the Legislature's intent. *TGS–NOPEC Geophysical Co. v. Combs,* 340 S.W.3d 432, 439 (Tex.2011). Here, the Texas Legislature has expressed the intent behind the TCPA:

> To encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury.

25

TEX. CIV. PRAC. & REM. CODE ANN. § 27.002.

Within the TCPA, the Texas Legislature has also expressed its intent that the Act "should be construed liberally to effectuate its purpose and intent fully." *Id.* § 27.011(b). Accordingly, any court construing exceptions to the TCPA should construe the language within the exception narrowly. *Tex. Appleseed v. Spring Branch Indep. Sch. Dist.,* 388 S.W.3d 775, 777 (Tex. App. — Houston [1st Dist.] 2012, no pet.) (when statutes are aimed at disseminating the free flow of information "exceptions must be narrowly construed").

When looking at the plain language of the TCPA, certain words cannot be examined in isolation, but must be informed by the context in which they are used. *TGS–NOPEC Geophysical,* 340 S.W.3d at 441. Moreover, the reviewing court will rely on the plain meaning of the text as expressing legislative intent unless it is apparent from the context or the plain meaning leads to absurd results. TEX. GOV'T CODE ANN. § 311.011.

Here, the aim of the TCPA is to quickly dispose of frivolous lawsuits aimed at silencing citizens who are participating in the free exchange of ideas and frivolous lawsuits aimed at retaliating against citizens who exercise their right of association, free speech, or right of petition. House Comm. on Judiciary and Civil Jurisprudence, Bill Analysis, Tex. HB 2973, 82nd Leg., R.S. (2011). When considering the exemption's plain language within the context of the purpose of the TCPA, it is clear the Texas Legislature envisioned the exemption applying in customer-retailer disputes. *Id.*

Kool Smiles has twisted the exemption, meant to protect consumers who were victimized by a company's misstatements, into a pretzel to argue its applicability to M&B's statements. The plain language does not support Kool Smiles's interpretation, the legislative history does not support Kool Smiles's interpretation, and adoption of Kool Smiles's interpretation leads to an absurd result — a statutory construction precluded by Texas law.

27

**B.    *The California case is instructive.***

As discussed more fully in its opening brief, the California case of *Simpson Strong-Tie Co. v. Gore,* 49 Cal.4th 12, 230 P.3d 1117 (Cal. 2010) addresses a similar Anti-SLAPP commercial speech provision. The California Supreme Court determined attorney advertisements fell outside the commercial speech exemption. *Id.* This Court should consider the California case instructive in light of the absence of Texas precedent.

## IV.
## KOOL SMILES FAILED TO PRESENT "CLEAR AND SPECIFIC EVIDENCE" OF ITS CLAIMS

**A.    *Kool Smiles distorts its burden of proof.***

In its Brief, Kool Smiles tries to distort its burden under the TCPA. *Kool Smiles Br.* at 46-47. However, the TCPA and interpretive case law make clear that Kool Smiles was required to "establish[] by *clear and specific evidence* a prima facie case for each essential element."[3] This is far from the *de minimus*

---

[3]TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). By deemphasizing the "clear and specific evidence" modifier used in the statute's language, Kool Smiles asks this Court to relegate this language to irrelevancy.

burden urged by Kool Smiles.[4]

For example, on the one hand, BLACK'S LAW defines "clear" as "[f]ree from doubt," "sure" and "[u]nambiguous," and "specific" means "explicit." BLACK'S LAW DICTIONARY 244, 443, 1406 (7th ed. 1999). On the other hand, "de minimus" is defined as nothing more than "[t]rifling" and "minimal." *Id.* Kool Smiles ignores these materially different definitions.

Also, although the TCPA does not define "clear and specific evidence," the manner in which it is defined in other contexts confirms that the term means much more than "trifling" or "minimal." As mentioned in M&B's opening brief, the Texas Free Flow of Information Act ("TFFIA") uses the same term in a manner consistent with M&B's interpretation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 22.024 (defining "clear and specific evidence" under the TFFIA). The TCPA and TFFIA are analogous because they both use the "clear and specific" modifying language for the statutory burdens. Therefore, Kool

---

[4] The case relied upon by Kool Smiles to claim its burden was *de minimus* is plainly distinguishable. *E.I. DuPont de Nemours* (1) had nothing to do with the TCPA, and (2) involved the application of a discovery privilege that does not require "clear and specific evidence." *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004).

Smiles attempt to distinguish them as to what the language modifies – "showing" versus "prima facia" – is a distinction without a difference.

Other Texas statutes also use the term in a way that heightens the burden of proof. *See, e.g., McDonald v. Clemens*, 464 S.W.2d 450, 456 (Tex. Civ. App.—Tyler 1971, no pet.) (in the context of fraud charges, "clear and specific evidence" must be evidence that is "unaided by presumptions, inferences or intendments[.]"); *Hooten v. Dunbar*, 347 S.W.2d 775, 778 (Tex. Civ. App.—Beaumont 1961, writ ref'd n.r.e.) (in the context of objections to the admissibility of evidence, "[a]n objection to evidence should be so clear and specific that the Judge may immediately understand the point raised.").

M&B respectfully submits that Kool Smiles tries to diminish the TCPA's standard because it appreciates the fact that the record reveals Kool Smiles's failure to present clear and specific evidence of its claims, thus, requiring dismissal of Kool Smiles's claims.

**B.    *M&B is entitled to a rendition of judgment.***

Kool Smiles request for a remand, as opposed to a rendition of judgment in M&B's favor, ignores the plain language of the TCPA. The TCPA is no different than other states' Anti-SLAPP statutes: If the party bringing the SLAPP lawsuit does not meet its burden under an Anti-SLAPP, then dismissal of the lawsuit is the appropriate remedy. *See, e.g.,* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c) (authorizing dismissal if the party bringing the legal action failed to "establish[] by clear and specific evidence a prima facie case for each essential element of the claim in question); *AR Pillow, Inc. v. Maxwell Payton, LLC*, 2012 U.S. Dist. LEXIS 172015, at * (W.D. Wash. Dec. 4, 2012) (dismissal under Washington anti-SLAPP statute, in part, for failure to meet statutes "clear and convincing" burden).

None of the cases cited by Kool Smiles in a favor of remand involve the failure to meet a statutory, evidentiary burden that was, as is under the TCPA, part of a burden-shifting framework that must be met for a claim to survive

dismissal. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 383, 388 (2008) (employment discrimination and application of *per se* rule excluding evidence); *Tex. Keystone, Inc. v. Prime Natural Res., Inc.*, 694 F.3d 548, 556 (5th Cir. 2012) (motion to quash); *United States v. Impson*, 482 F.2d 197, 199-200 (5th Cir. 1973) (criminal case probable cause determination). Thus, because Kool Smiles did not meet its TCPA burden, as demonstrated in M&B's Opening Brief and below, it is well-within this Court's purview to render judgment in M&B's favor and dismiss the lawsuit.

## C.    *Kool Smiles's evidence falls short of "clear and specific" evidence of defamation.*

### 1.    M&B's speech merely posed questions.

All of M&B's speech was either true (and, thus, non-cognizable under a theory of defamation)[5] or were mere questions posed to viewers or readers about their children's

---

[5]As explained more fully in M&B's opening brief, M&B's speech was true (R.269-71, 291-343, 352-1174, 1219-35, 1296-1325, 1346-82, 1401-03). Texas law makes truth is a complete defense to a defamation claim. *See, e.g.,* Tex. Civ. Prac. & Rem. Code § 73.005; *Randall's Food Market, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995); *Rodriguez v. NBC Bank*, 5 S.W.3d 756, 766, n.10 (Tex. App.—San Antonio 1999, no pet.) ("A showing of substantial truth at a summary judgment hearing will defeat a defamation claim.").

experiences at Kool Smiles. Texas courts have held that speech formulated as a question is not actionable defamation because it is not a statement of fact. *E.g., Avila v. Larrea,* — S.W.3d —, 2012 WL 6633944, *6 (Tex. App. — Dallas 2012, no pet.) (declining to find the "clear and specific evidence" burden under the TCPA met, in part, because "the record shows the title of the broadcast posted on the Internet, 'Lawyer in Dallas Defrauding the Undocumented?,' was phrased as a question and was not posed in a manner that suggested otherwise); *Blackwell v. Wise*, No. 11-99-00224-CV, 2000 WL 34235121, at * 4 (Tex. App.—Eastland July 20, 2000, no pet.) (not designated for publication) (concluding question on which defamation claim was based was not "statement of fact" where record did not indicate question was posed as such).

The only case relied upon by Kool Smiles is distinguishable because it did not involve the issue of whether a question, as opposed to a statement of fact, may be actionable defamation, but whether "implied assertions" or "opinions" may be considered defamation. *Gaylord Broad. Co.*

*v. Francis*, 7 S.W.3d 279, 284 (Tex. App.—Dallas 1999, pet. denied). As a result, this case offers no support for Kool Smiles's contention.

### 2.    M&B's speech is not defamatory *per se.*

M&B's speech was not defamatory per se because the language used by M&B makes no express disparagements against Kool Smiles. Neither do the questions posed by M&B accuse Kool Smiles of criminal activity. What is included in M&B's speech – all of which is true – is far from that which has already been sanctioned by Texas courts. *See Billington v. Houston Fire & Cas. Ins. Co.*, 226 S.W.3d 494, 496 (Tex. Civ. App.—Fort Worth 1950, no writ); *Arant v. Jaffe*, 436 S.W.2d 169, 176 (Tex. Civ. App.—Dallas 1968, no writ). Kool Smiles's argument that "whether M&B's statements were false has nothing to do with whether they were defamatory," (Ans. Br. p. 50), completely ignores the fact that the falsity of the speech is a necessary prerequisite to Kool Smiles's defamation claim. *See WFAA- TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998) (outlining the elements of a defamation claim including

the requirement that the statement be false). In other words, all elements of the claim must be met – not only the "defamatory" element of the defamation claim. *Id.*

Moreover, *Swate v. Schiffers*, 975 S.W.2d 70, 74-75 (Tex. App.—San Antonio 1998, pet. denied) is relevant because, analogous to the factual circumstances in *Swate*, M&B's speech merely recounts the stories already publicized by parents, former employees, and government investigations. (R.292, 294, 298, 305, 1162, 1175).

### 3. Kool Smiles failed to prove falsity by clear and specific evidence.

As to its burden to prove by clear and specific evidence the purported falsity of M&B's speech, Kool Smiles presents no argument or authorities. *Kool Smiles Br.* at 51. The evidentiary review of whether the TCPA burdens have been met is limited to "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a). Thus, in their opening brief, M&B cited to such evidence to highlight Kool Smiles's failure to carry its burden.

In response, Kool Smiles does not contest its failure, but rather, offers a misinterpretation of the *Boulter* case cited in its Answering Brief. *Kool Smiles Br.* at 51. Yet, that case is inapplicable because the proposition for which Kool Smiles cites the case relates to the inability of a court to weigh conflicting evidence to dismiss a claim under Federal Rule of Civil Procedure 12 where the complaint is otherwise sufficient pleaded. *3M Co. v. Boulter*, No. 11-cv-1527, 2012 WL 5245458, at *1 (D.D.C. Oct. 24, 2012). The *Boulter* court did not extend that rule to the Anti-SLAPP statute itself. *Id.* Here, M&B does not appeal the ruling on its Rule 12 dismissal motion; rather, it appeals the ruling on its TCPA dismissal motion.

## 4.    Kool Smiles failed to prove malice by clear and specific evidence.

A private person/company becomes a "limited public figure" if "he voluntarily injects himself, or is drawn, into a particular controversy and becomes a public figure for a limited range of issues." *Swate*, 975 S.W.2d at 76. Thus, as explained in M&B's opening brief, under Texas law, Kool Smiles is a limited public figure because:

(1)    Medicaid fraud, Medicaid fraud by dental providers, and allegations of Kool Smiles's potential fraud and improper dental treatment was highly publicized before M&B's 2012 speech. (R.292-98, 305-10, 312, 314, 327, 341-45, 348, 1162, 1175). The resolution of the Medicaid fraud controversy is one that will likely impact all taxpayers and directly impact the children receiving dental treatment from Medicaid-focused dental clinics. (R.292-94, 327, 1162, 1175);

(2)    Kool Smiles has had, and continues to have, "more than a trivial or tangential role in the controversy[.]" *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). Even under the case cited by Kool Smiles in its response brief, it qualifies as a limited public figure because it "voluntarily engaged in activities that necessarily involved the risk of increased exposure and injury to reputation." *See Klentzman v. Brady*, 312 S.W.3d 886, (Tex. App.—Houston [1st Dist.] 2009, no pet.).[6] Here, Kool Smiles engaged in potentially fraudulent and improper dental treatment of underprivileged children

---

[6]On the whole, the analysis in *Kleitzman* is immaterial and/or distinguishable because, unlike here, *Kleitzman* involved a media defendant.

throughout Texas.

(3)    "[T]he alleged defamation [by M&B is] germane to [Kool Smiles's] participation in the controversy," because Kool Smiles's claims against M&B related directly to – and only to – the advertisements, website, and public comments made by M&B related to the dental services lawsuit. *See McLemore*, 978 S.W.2d at 571.

Because Kool Smiles is a limited public figure, it had the burden to prove M&B acted with actual malice by clear and specific evidence. Kool Smiles failed to establish actual malice because the uncontroverted evidence shows M&B conducted a thorough investigation of Kool Smiles before making the statements. (R.275, 1219-35). Further, Kool Smiles failed to show M&B acted with malice because M&B's speech was true. *Vice v. Kasprzak*, 318 S.W.3d 1, 15 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (citing *McLemore*, 978 S.W.2d at 571); (R.275, 1219-35).

**5.  Kool Smiles did not prove special damages by clear and specific evidence.**

Kool Smiles relies on the Geoff Freeman affidavit, (R.1154-55), as support for its claim for special damages. However, this affidavit contains nothing more than general averments, which is wholly insufficient to constitute clear and specific evidence of special damages. *Kelly v. Diocese of Corpus Christi*, 832 S.W.2d 88, 94 (Tex. App.—Corpus Christi 1992, writ dism'd w.o.j.) ("Injuries to character or reputation, injuries to feelings, mental anguish and other like wrongs and injuries incapable of money valuation are **general damages**.") (emphasis added).

**D.  *Kool Smiles's evidence falls short of "clear and specific" evidence of business disparagement.***

Kool Smiles did not meet its "clear and specific evidence" burden to establish a prima facia case for each element of its business disparagement claim because, as more fully demonstrated in relation to its defamation claim above and in M&B's opening brief, Kool Smiles (1) did not prove M&B's speech was false or disparaging, (2) did not prove M&B acted

with malice, and (3) did not prove special damages. *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 170 (Tex. 2003) (elements of business disparagement claim).

### E.   *Kool Smiles misconstrues the broad nature of the Absolute Judicial Proceeding Privilege.*

Under well-settled Texas law, "[c]ommunications in the due course of a judicial proceeding will not serve as the basis of a civil action for libel or slander, regardless of the negligence or malice with which they are made." *Bell v. Lee*, 49 S.W.3d 8, 10 (Tex. App.—San Antonio 2001, no pet.) (citing *James v. Brown*, 637 S.W.2d 914, 916 (Tex. 1982)). Here, it is undisputed that M&B's speech relates to a judicial proceeding: the dental services litigation. (R.1220-35, 1248). Kool Smiles contends the privilege is inapplicable because the speech was client solicitation. *Kool Smiles Br.* at 56-57.

But, Kool Smiles's position ignores the broad nature of the absolute judicial proceeding privilege. "This absolute privilege extends to a communication preliminary to a proposed judicial proceeding . . . if it has some relation to the proceeding . . . [and] [a]ll doubt should be resolved in favor of

40

the communication's relation to the proceeding." *Bell*, 49 S.W.3d at 10-11. "'[P]reliminary to a judicial proceeding' means at a stage where the commencement of a suit is seriously contemplated in good faith," as is the case with M&B's speech. *Corey v. Shook*, 1991 U.S. App. LEXIS 2764 at *7 (4th Cir. Feb. 22, 1991) (citing Restatement (Second) of Torts § 586 comment e). Kool Smiles's argument disregards this basic law.

Instead, Kool Smiles relies on a single Texas case, *Rhodes Colleges, Inc. v. Johnson*, for the proposition that the absolute judicial proceeding privilege does not apply to "defamatory advertising on an attorney's website." *Kool Smiles Br.* at 56. However, as previously explained, *Rhodes College* is distinguishable because the attorney in that case made express statements against the college that were both (1) affirmatively disparaging and (2) not established to be true – neither of which is the situation here. *See Rhodes College, Inc. v. Johnson*, No. 3:10-CV-0031-D, 2012 WL 627273, at *6-7 (N.D. Tex. Feb. 27, 2012).

## **CONCLUSION**

M&B respectfully requests this Court to reverse the District Court's denial of M&B's Motion, render judgment dismissing Kool Smiles state law claims, and remand to the case to the District Court for a determination of fees and costs under section 27.009 of the Texas Civil Practice and Remedies Code.

Respectfully submitted,

KELLER STOLARCZYK PLLC
234 W. Bandera Rd., No. 120
Boerne, Texas 78006
Tele: 830.981.5000
Facs:888.293.8580

Kimberly S. Keller

*Attorney for Appellants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 8, 2013, I served on opposing counsel, listed below, Appellants' Reply Brief via this Court's e-filing system:

> Darren L. McCarty
> Sean M. Whyte
> Courtney L. Sauer
> ALSTON & BIRD, LLP
> 2828 North Harwood Street, Suite 1800
> Dallas, Texas 75201
>
> John A. Kazen
> KAZEN, MEURER & PÉREZ, L.L.P.
> 211 Calle Del Norte, Suite 100
> Laredo, Texas 78041

_____
Kimberly S. Keller

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies as follows:

1. This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 5,793 words printed in a proportionally spaced typeface (Bookman Old Style).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5)(A) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it is printed in a proportionally spaced, serif typeface using Bookman Old Style 14 point font in text and Bookman Old Style 12 point font in footnotes.

3. This brief complies with the privacy redaction requirements of 5th Circuit Rule 25.2.13.

4. This brief complies with 5th Circuit Rule 25.2.1 because it is an exact copy of the electronic submission.

5. This brief is free of viruses because it has been scanned for viruses with the most recent version of a commercial virus scanning program.

Kimberly S. Keller

# *United States Court of Appeals*
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

March 15, 2013

Ms. Kimberly S. Keller
Keller Stolarczyk P.L.L.C.
234 W. Bandera Road
Suite 120
Boerne, TX 78006-0000

          No. 12-41243,
          NCDR, L.L.C., et al v. Mauze & Bagby, P.L.L.C., et al
          USDC No. 5:12-CV-36

The following pertains to your brief electronically filed on
3/8/13.

You must submit the seven paper copies of your brief required by
5TH CIR. R. 31.1 within 5 days of the date of this notice pursuant
to 5th Cir. ECF Filing Standard E.1.

Failure to timely provide the appropriate number of copies will
result in the dismissal of your appeal pursuant to 5th Cir. R.
42.3.

                    Sincerely,

                    LYLE W. CAYCE, Clerk

                    By: *Christina Gardner*
                    Christina A. Gardner, Deputy Clerk
                    504-310-7684

cc:  Mr. Michael Arthur Correll
     Mr. Darren Lee McCarty
     Mr. Sean Michael Whyte